**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:92cr34**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ALVIN TRUESDALE. | ) | |

**THIS MATTER** is before the Court on the following:

1. The Defendant's Motion for Leave to File a *Pro Se* Response/Objection to Dkt. #7 before or after any Judicial Decision and Motion for Appointment of New Counsel or in the Alternative Appoint Attorney Tanzania C. Cannon-Eckerle as Stand-By Counsel and Allow Defendant to Proceed *Pro Se* [Doc. 10];

2. The Defendant's letter to the Clerk of Court, dated July 9, 2010 [Doc. 11];

3. The Defendant Alvin B. Truesdale's Rule 44(c) Motion Based on a Very Serious Conflict of Interest [Doc. 12];

1

4. The Defendant's Judicial Notice Pursuant to Rule 201, dated June 15, 2010, which is construed as an *ex parte* motion [Doc. 13];

5. The Defendant's letter to the Clerk of Court, dated June 24, 2010 [Doc. 14];

6. The Defendant's second letter to the Court, dated July 22, 2010, which is construed as an *ex parte* motion [Doc. 15].

## PROCEDURAL HISTORY

The Defendant was sentenced to life imprisonment in connection with his convictions for continuing criminal enterprise (CCE), conspiracy to possess with intent to distribute cocaine, possession of cocaine, distribution of cocaine, using a firearm during a crime of violence, tax evasion and money laundering offenses. United States v. McManus, *et. al*, 23 F.3d 878 (4th Cir. 1994). On direct appeal, his case was remanded for dismissal of the drug conspiracy conviction in light of the CCE conviction. Id. At resentencing, the district court imposed the same sentence of life imprisonment, which was affirmed on appeal. United States v. Truesdale, 78 F.3d 580 (4th Cir. 1996), *certiorari denied* 517 U.S. 1215, 116 S.Ct. 1839, 134 L.Ed.2d 942 (1996).[1]

---

[1] The Defendant filed a motion pursuant to 28 U.S.C. §2255 which was denied and affirmed on appeal. United States v. Truesdale, 105 F.3d 650 (4th Cir. 1996), *certiorari denied* 522 U.S. 856, 118 S.Ct. 154, 139 L.Ed.2d 99 (1997). He has therefore exhausted all post-conviction relief.

After the Crack Cocaine Guideline Amendment, Amendment 706, was adopted, the Defendant was provided court-appointed counsel to determine whether he was eligible for any relief pursuant to that amendment. [Doc. 6]. That attorney filed a notice that the Defendant is ineligible for any relief pursuant to the amendment because it relates only to cocaine base and the Defendant's convictions related to powder cocaine. [Doc. 7]. The Probation Office filed a supplement to the Defendant's original presentence report in which it was also noted that the Defendant's convictions stem from powder cocaine, not cocaine base. [Doc. 9]. Thus, he was not held responsible for any quantity of cocaine base, only powder cocaine. [Id.].

## DISCUSSION

In response to the notice of ineligibility, the Defendant filed the series of documents referenced above. In the first, filed on June 21, 2010, he asks that any ruling on his eligibility be deferred until he has a chance to respond to the notice and that a different attorney be appointed for him.[2] [Doc. 10]. The Defendant does not assert that he was convicted of or sentenced for any offense involving cocaine base. [Id.]. He argues that his court-appointed

---

[2]It should be noted that there is nothing pending before the Court. The Defendant never filed a *pro se* motion for a reduction in sentence based on the amendment and his attorney likewise did not file such a motion. Instead, she filed a notice that he was ineligible for any relief pursuant to the amendment.

attorney erroneously stated that he was only involved with cocaine powder. [Id.]. He also claims there are several unidentified issues which should be brought to the Court's attention. [Id.]. The issue before the Court, however, is whether the Defendant was held responsible for cocaine base as opposed to cocaine powder.

The Probation Office has filed a supplemental report in which it is disclosed that the Defendant was held responsible for between 50 and 150 kilograms of cocaine powder. [Doc. 9, at 1]. In the decision of the United States Fourth Circuit Court of Appeals, it was noted that the Defendant was the "ringleader" and "kingpin" of the organization which distributed "cocaine." McManus, 23 F.3d at 881, 886. Throughout the opinion, the discussion pertains to cocaine powder. Id. The only reference to cocaine base is made in reference to the Defendant's "unsuccessful" attempt to expand into that market, resulting in his being "'ripped off' at least three times" and losing hundreds of thousands of dollars. Id. As noted by the Probation Officer, "this defendant was not held responsible for any crack cocaine [and] Amendment 706 is not applicable and no reduction in sentence is warranted." [Doc. 9, at 2]. The Court therefore denies as moot the Defendant's motion for leave to file a response.

On June 24, 2010, the Defendant wrote to the Clerk of Court requesting that a copy of the supplemental presentence report (Doc. 9), be mailed to him at the prison in which he is incarcerated. [Doc. 14]. On July 9, 2010, he wrote again. [Doc. 11]. The Bureau of Prisons (BOP), however, does not allow the mailing to a prisoner of a copy of the presentence report. Eubanks v. United States, 2009 WL 1916352 (N.D.W.Va. 2009).

> [The BOP has a] "strict policy that inmates not receive copies of their [presentence report]." BOP implemented this policy "[f]or safety and security reasons," including the following:
>
>> Many PSRs [] contain information regarding the inmates' government assistance, financial resources, community affiliations, etc. The Bureau [of Prisons] has documented an emerging problem where inmates pressure other inmates for a copy of their PSRs [] to learn if they are informants, gang members, have financial resources, etc.

Keys v. Department of Homeland Security, 570 F.Supp.2d 59, 71 (D.D.C. 2008), *citing* Martinez v. Bureau of Prisons, 444 F.3d 620, 625 (D.C.Cir. 2006) (discussing BOP Program Statement 1351.05 p.15). In view of this policy, the Clerk of Court was correct to deny the requests for a copy of the presentence report.

In the second motion, the Defendant claims that his court-appointed attorney has a conflict of interest because she used the word "powder" in

5

determining that he is ineligible for a sentence reduction. He argues that his indictment and judgment contain only the word "cocaine." Because no further description of cocaine is made in those documents; *i.e.*, powder versus base, the Defendant argues he is entitled to the benefit of the amendment. Counsel's use of the word "powder" to describe his cocaine involvement, he claims, shows that she was actually assisting the Government and thus leads to a conflict of interest. In support of his argument, the Defendant cites Federal Rule of Criminal Procedure 44(c) and argues that his court-appointed counsel tried to assist the Government. That rule, however, relates to joint representation of defendants. The Court finds the Defendant's motion is frivolous both as to the characterization of cocaine and the accusation against counsel.

In addition to these documents, the Defendant sent a letter dated June 15, 2010 to chambers designated as a "Judicial Notice pursuant to Rule 201 (file in chambers only)." In the letter, the Defendant, in essence, seeks *ex parte* relief and specifically directs that the letter not be disclosed to his court-appointed attorney. The Court will instruct the Clerk of Court to file this document under seal as an *ex parte* motion. [Doc. 13]. The motion is denied.

On July 22, 2010, the Defendant sent another letter to chambers complaining that his motions had not been considered and that he still had not received a copy of the supplemental presentence report. To the extent this letter may be construed as seeking relief, it is denied.

## FRIVOLOUS FILINGS

The Defendant has been a prolific *pro se* filer. See, *e.g.*, United States v. Truesdale, 105 F.3d 650 (4th Cir. 1996), *certiorari denied* 522 U.S. 856, 118 S.Ct. 154, 139 L.Ed.2d 99 (1997) (denying post-conviction relief); United States v. Truesdale, 134 F.3d 365 (4th Cir. 1998) (affirming the denial of his fourth motion for return of property); United States v. Truesdale, 2001 WL 1301747 (4th Cir. 2001), *certiorari denied* 535 U.S. 1008, 122 S.Ct. 1586, 152 L.Ed.2d 504 (2002) (affirming the denial of motion to certify federal question); Truesdale v. Smith, 119 Fed.Appx. 573 (4th Cir. 2005), *certiorari denied* 545 U.S. 1122, 125 S.Ct. 2923, 162 L.Ed.2d 308 (2005) (affirming denial of eligibility for parole); Truesdale v. Ashcroft, 203 Fed.Appx. 533 (4th Cir. 2006), *certiorari denied* 550 U.S. 963, 127 S.Ct. 2443, 167 L.Ed.2d 1142 (2007) (affirming dismissal of action). With the exception of the first motion requesting an opportunity to address the notice of ineligibility, each of the filings made is frivolous. It is clear that the Defendant meant to harass the

judicial system.

Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. Demos v. Keating, 33 Fed.Appx. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001), *certiorari denied* 535 U.S. 956, 122 S.Ct. 1362, 152 L.Ed.2d 357 (2002); *In re* Vincent, 105 F.3d 943 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted). "It is well-established law in this circuit that a district court may establish a system of 'pre-filing review of complaints brought by prisoners with a history of litigiousness.'" In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (citation omitted).

The Defendant is hereby warned that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods North America, Inc., 390 F.3d 812 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. Foley v. Fix, 106 F.3d 556 (4th Cir. 1997); *In re* Joseph Marion Head, 19 F.3d 1429 (4th Cir. 1994), *certiorari*

8

*denied* 513 U.S. 999, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. See, 28 U.S.C. §1651(a); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1. The Defendant's Motion for Leave to File a *Pro Se* Response/Objection to Dkt. #7 before or after any Judicial Decision and Motion for Appointment of New Counsel or in the Alternative Appoint Attorney Tanzania C. Cannon-Eckerle as Stand-By Counsel and Allow Defendant to Proceed *Pro Se* [Doc. 10] is hereby **DENIED**.

2. The Defendant's letter to the Clerk of Court, dated July 9, 2010 [Doc. 11], construed as a motion for a copy of his supplemental presentence report, is hereby **DENIED**.

3. The Defendant Alvin B. Truesdale's Rule 44(c) Motion Based on a Very Serious Conflict of Interest [Doc. 12] is hereby **DENIED** as frivolous.

4. The Defendant's Judicial Notice Pursuant to Rule 201, dated June 15, 2010, which is construed as an *ex parte* motion [Doc. 13], is hereby **DENIED**.

5. The Defendant's letter to the Clerk of Court, dated June 24, 2010 [Doc. 14], construed as a motion for a copy of his supplemental presentence report, is hereby **DENIED**.

6. The Defendant's second letter to the Court, dated July 22, 2010, construed as seeking a ruling on his motions, is hereby **DENIED** as moot.

Signed: September 3, 2010

Martin Reidinger
United States District Judge