**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:11-cv-634-RLV**

| | |
|---|---|
| ALVIN B. TRUESDALE, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. No. 1), on Petitioner's "Writ of Habeas Corpus Motion for clarification or in alternative Motion to Stay all proceedings," (Doc. No. 4), and on Petitioner's "Writ of Habeas Corpus Ad Testificandum and Motion for judicial certification of familiarity with the record nunc pro tunc." (Doc. No. 5).

The Court has conducted an initial screening of Petitioner's § 2255 motion and finds that Petitioner has already filed a § 2255 motion related to the same conviction and sentence. See United States v. Truesdale, 105 F.3d 650 (4th Cir. 1996) (unpublished) (W.D.N.C. Sept. 7, 2010), aff'g Truesdale v. United States, 3:96cv109 (W.D.N.C. 1999). This Court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria.[1] Because Petitioner offers no indication that he

---

[1] As amended by the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 bars successive applications unless they contain claims relying on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See 28 U.S.C. § 2255(h).

has obtained certification to file a second or successive § 2255 motion, the Court must dismiss this action without prejudice.

The Court further reminds Petitioner that, because of Petitioner's prolific filings in this Court, the Court has already warned him that any frivolous filings could result in the imposition of a pre-filing review system, with a pre-filing injunction to follow. See United States v. Truesdale, Crim. No. 3:92cr34, 2010 WL 3522266 (M.D.N.C. Sept. 7, 2010). Petitioner is warned that the Court will immediately implement a pre-filing review system with the next frivolous filing.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's motion to vacate, (Doc. No. 1), is **DISMISSED** without prejudice as a successive motion.

2. Petitioner's "Writ of Habeas Corpus Motion for clarification or in alternative Motion to Stay all proceedings," (Doc. No. 4), and Petitioner's "Writ of Habeas Corpus Ad Testificandum and Motion for judicial certification of familiarity with the record nunc pro tunc," (Doc. No. 5), are both **DENIED** as moot.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: May 29, 2012

Richard L. Voorhees
United States District Judge