IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-CV-00263-RLV
(3:92-CR-00034-RLV-1)

| | |
|---|---|
| ALVIN B. TRUESDALE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, the § 2255 motion will be dismissed as successive.

## I.   BACKGROUND

The Court notes that Petitioner has already filed two § 2255 motions in this district and each motion has been dismissed. The first § 2255 motion was denied on the merits. See Truesdale v. United States, No. 3:96-CV-00109-RDP (W.D.N.C. Apr. 11, 1996), aff'd, 105 F.3d 650, 1996 U.S. App. LEXIS 38752 (4th Cir. 1996) (per curiam), cert. denied, 522 U.S. 856 (1997). The second § 2255 motion was dismissed without prejudice as an unauthorized, successive § 2255 motion under 28 U.S.C. § 2255(h). See Truesdale v. United States, No. 3:11-CV-00634-RLV (W.D.N.C. May 29, 2012), dismissed, 506 F. App'x 238 (4th Cir. Jan. 24, 2013) (per curiam).

Now Petitioner has filed a third § 2255 motion however he has failed to demonstrate that he has obtain authorization from the Fourth Circuit to proceed in the district court with a

1

successive § 2255 motion.

## II.   STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As noted above, Petitioner has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file the instant § 2255 motion. The Court is therefore without jurisdiction to consider the merits, if any, of his § 2255 motion. See, e.g., In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). For the foregoing reasons, Petitioner's Section 2255 motion will be dismissed without prejudice.

## IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate under § 2255 is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motion to hold this matter in abeyance is **DENIED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 25, 2014

Richard L. Voorhees
United States District Judge