# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# NO. 3:92-CR-34

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| , ) | |
| v. ) | **ORDER** |
| ALVIN B. TRUESDALE, ) | |
| **Defendant.** ) | |

**BEFORE THE COURT** are several motions, requests for hearings filed by Defendant Truesdale (Docs. 51, 54, 56, 60, 78, 88, 89).

Defendant seeks reconsideration of the Order denying a sentence reduction under Amendment 750 (Doc. 49) under 18 U.S.C. § 3582, stating that the Court sentenced him for crack cocaine or cocaine base and not for powder cocaine. (Doc. 51). Defendant filed supplemental authority in support of his argument (Doc. 54, 60) and requested an evidentiary hearing (Doc. 56).

Defendant also seeks reconsideration of the Order granting the Motion to Reduce his Sentence under Amendment 782 (Doc. 76). (Doc. 78).

This Court has already recounted the procedural history pertinent to this case. (Doc. 16). Defendant was sentenced to life imprisonment in connection with his convictions for continuing criminal enterprise (CCE), conspiracy with possess to distribute cocaine, possession of cocaine, distribution of cocaine, using a firearm during a crime of violence, tax evasion and money laundering offenses. *Id.* After appeal, his case was remanded for dismissal of the drug conspiracy conviction in light of the CCE conviction. *Id.* Ultimately, he was sentenced to life plus 300 months

for his convictions under Counts 10 and 11 for using and carrying a firearm in relation to a drug trafficking crime and aiding and abetting the same. (Doc. 18-2, at 1).

A Court cannot generally modify a sentence after it has been imposed. However, a Court may do so when where the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). *See* 28 U.S.C. § 3582(c)(2).

**<u>AMENDMENT 750</u>**

Truesdale maintains that his sentence should be reduced under Amendment 750 because he was sentenced for crack cocaine; however, the opposite is true. The presentence report shows that he was sentenced for 50 kilograms to 150 kilograms of cocaine powder. This Court previously denied Defendant's Motion for a Sentence Reduction under Amendment 706 because Truesdale was only held accountable for cocaine powder. (Doc. 5). After Truesdale filed a litany of motions, this Court explained in depth that he was sentenced for cocaine powder and not cocaine base. (Doc. 16, at 2-4). Given that Truesdale was sentenced for powder cocaine, and not crack cocaine, he is not eligible for a sentence reduction under Amendment 750. Had Truesdale been sentenced for crack cocaine, he would have been subject to a base offense level of 38 and a total offense level of 42. *See* U.S.S.G. § 2D1.1(c)(1) (1994 ed.).

**<u>AMENDMENT 782</u>**

On October 27, 2015, counsel for Truesdale filed a motion to reduce his sentence pursuant to Amendment 782. (Doc. 71). Probation filed a supplemental pre-sentence report. (Doc. 72). On January 19, 2016, this Court considered his motion and found that his original sentence was a life sentence. His original offense level was 40, his original criminal history category was III, and his original guideline range was 360 months to life. The Court then found that, under Amendment

782, his amended offense level was 38, his criminal history category stayed the same, but his amended guideline range changed to 292 to 365 months. Accordingly, the Court reduced his sentence to 292 months plus the consecutive counts (Count 10 and 11 relating to the use and carry of a firearm in relation to a drug trafficking crime) for a total of 592 months. Truesdale argues that this Court should reconsider Counts 10 and 11. (Doc. 78, at 2). Truesdale argues that "the district court abused its discretion by adding an additional 300 months to his reduced sentence without taking into account 'new' changes(s) in the factual circumstnaces of his original criminal case . . . [b]efore enactment of Amendment 782." *Id.* He requests a sentence of time served, 292 months, or "much lower than 592 months." *Id.* Truesdale makes various arguments about problems with his sentencing in the 1990s. *See id.*, *passim*. However, "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." U.S.S.G.1B1.10(a)(3). Simply put, Truesdale may not attempt to vacate his convictions for using and carrying a firearm during and in relation to drug trafficking crimes and aiding and abetting the same through Amendment 782, which generally reduces by two levels the offense levels assigned to the drug quantities listed in § 2D1.1. *United States v. McCoy*, 804 F.3d 349, 352 (4th Cir. 2015). Accordingly, Truesdale's motion is **DENIED.**

Truesdale also requests that this Court remove Caleb H. Newman as counsel of record in regard to Amendment 782. (Doc. 77). This motion is predicated upon Truesdale's contrary interpretation of Amendment 782. Based on Newman's motion, Truesdale received a low end of the guideline sentence, which was a highly favorable outcome. Accordingly, Newman is removed for the purposes of Amendment 782 but the underlying judgment is not affected.

**IT IS, THEREFORE ORDERED THAT**

(1) Truesdale's Motions (Doc. 51, 78, 89) for reconsideration are **DENIED**;

(2) Truesdale's Motion for an evidentiary hearing or emergency hearing (Doc. 56, 88) are **DENIED**; and

(3) Attorney Newman is removed as Truesdale's counsel for purposes of Amendment 782; (Doc. 77) however, the Court's order granting the motion filed by Attorney Newman is unaffected.

Signed: July 28, 2016

Richard L. Voorhees
United States District Judge