IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:92-CR-00034-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALVIN B. TRUESDALE (1) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se requesting judicial notice and a hearing, (Doc. No. 102, 103), an related pleadings.

On June 25, 2018, this matter was transferred from Senior Judge Richard L. Voorhees to then-Chief Judge Frank D. Whitney. The defendant asks the Court to take judicial notice that Judge Whitney was involved with this case when he served as an Assistant United States Attorney. (Doc. No. 102: Motion at 1). However, since the filing of the motions, the case was reassigned to the undersigned. In two addenda, (Doc. Nos. 105 at 4, 106 at 1), the defendant claims this matter should again be reassigned "in an abundance of caution" because the undersigned worked in the United States Attorney's Office when his case was prosecuted.

Recusal is appropriate under § 455(a) only if "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." <u>United States v. Amedeo</u>, 487 F.3d 823, 828 (11th Cir. 2007). Additionally, any judge "shall also disqualify himself under the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed

evidentiary facts concerning the proceeding; ... (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy...." 28 U.S.C. § 455(b). In the case of a judge who was a former U.S. Attorney, "a party seeking recusal must show that the judge while serving as U.S. Attorney actually participated as counsel for the government in investigating or prosecuting the specific conspiracy underlying the present indictment." United States v. Norwood, 854 F.3d 469, 471-472 (8th Cir. 2017) (citations omitted).

In the circumstances of this case, a fully informed, objective person would not have a significant doubt about the undersigned's impartiality. The defendant has not alleged that the undersigned previously participated as counsel for the government in his case, expressed an opinion about the matter, or demonstrated any bias against him. The undersigned lacks personal knowledge of disputed evidentiary facts. Accordingly, recusal is not warranted in an abundance of caution.

**IT IS, THEREFORE, ORDERED** that the defendant's motions, (Doc. No. 102, 103), are **DISMISSED as moot** as to Judge Whitney and **DENIED** as to the undersigned.

The Clerk is directed to certify copies of this order to the defendant and the United States Attorney.

Signed: February 3, 2021

Robert J. Conrad, Jr.
United States District Judge

2