IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:92-CR-00034-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALVIN B. TRUESDALE (1) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se to dismiss Counts Ten and Eleven of the Indictment under Rules 7 and 12 of the Federal Rules of Criminal Procedure. (Doc. No. 108).

The defendant claims those counts alleging violations of 18 U.S.C. § 924(c) do not detail the manner in which he violated the statute. (Doc. No. 108: Motion at 1). Consequently, they are too vague and do not establish that at least 12 members of the grand jury concurred in the charges. (Doc. No. 110: Memorandum at 1-2). Claims relating to defects in instituting the prosecution, including error in the grand jury proceeding, and defects in the indictment, including lack of specificity and failure to state an offense, must be brought prior to trial. Fed. R. Crim. P. 12(b)(3). The basis for the defendant's claims of failure to state an offense, vagueness, and grand jury error were reasonably available to him prior to trial in 1992; therefore, they are waived. United States v. Edwards, 188 F.3d 230, 237 (4th Cir. 1999) (failure to raise claim of defect in institution of prosecution pretrial constitutes a waiver under Rule 12(b)).

In his accompanying Memorandum, the defendant additionally claims that post-trial developments warrant dismissal of the § 924(c) counts. (Doc. No. 110: Memorandum at 2). The Amended Judgment in this case entered on January 23, 1995, records that the continuing criminal enterprise (CCE) offense in Count One concluded in February 1992.[1] (Id. at 51). However, the defendant asserts the government "certified," apparently in the sentence computation process, that the offense in Count One concluded in February 1988. (Id. at 3-5, 9). Thus, Counts Ten and Eleven are invalid because they concluded in August 1988 and December 1989, respectively, after the drug trafficking crime ended. (Id. at 1, 10). The defendant explains that he could not file this objection prior to trial because the government's alleged "new theory" was not known to him at the time. (Id. at 10). Even so, the defendant has not shown any legal authority to establish that calculations in the administrative process of computing his sentence are able to render the grand jury's indictment defective or alter the trial jury's verdict that the § 924(c) offenses were committed during and in relation to the charged drug trafficking crime.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 108), is **DENIED**.

---

[1] The defendant was resentenced after a drug conspiracy conviction was vacated on appeal because it was also an element of the CCE conviction. United States v. McManus, 23 F.3d 878, 884 (4th Cir. 1994).

The Clerk is directed to certify copies of this order to the defendant and the United States Attorney.

Signed: February 3, 2021

Robert J. Conrad, Jr.
United States District Judge