IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:92-CR-00034-RJC

| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALVIN B. TRUESDALE (1) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion and supplement of the defendant pro se for a sentence reduction based on Amendment 591 to the United States Sentencing Guidelines. (Doc. Nos. 97, 100).

Pursuant to Amendment 782, the defendant's aggregate sentence was reduced from life to 592 months, (Doc. No. 76: Order); that is, 292 months for the continuing criminal enterprise (CCE) conviction in Count One, followed by 300 months for the two 18 U.S.C. § 924(c) convictions in Counts Ten and Eleven, (Doc. No. Doc. No. 91: Order). Although the defendant sought a total aggregate sentence of 292 months or fewer, the sentencing judge held that the defendant could not avoid the consecutive § 924(c) sentences through the amendment, which related to drug offense levels. (Id. at 3). The United States Court of Appeals for the Fourth Circuit affirmed that ruling for the reasons stated by the district court. (Doc. No. 93: Opinion at 3).

In the instant motion and supplement, the defendant again seeks to avoid the § 924(c) sentences, this time based on Amendment 591. (Doc. No. 97: Motion at 1). The pertinent part of the amendment cited by the defendant clearly applies to drug

offense levels under USSG §2D1.2, (Doc. No. 97: Motion at 7-8), and does not purport to alter the statutory mandatory minimum punishment resulting from his two § 924(c) violations.[1] Accordingly, the change in the guidelines does not affect the defendant's sentence. See Neal v. United States, 516 U.S. 284, 296 (1996) (retroactive amendment to guidelines does not alter statutory mandatory minimum); United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009).

**IT IS, THEREFORE, ORDERED** that the defendant's motion and supplement, (Doc. Nos. 97, 100), are **DENIED**.

The Clerk is directed to certify copies of this order to the defendant and the United States Attorney.

Signed: February 3, 2021

Robert J. Conrad, Jr.
United States District Judge

---

[1] A district court does have discretion under 18 U.S.C. § 3582(c)(1)(A) to reduce a sentence in light of the First Step Act's amendments to 18 U.S.C. § 924(c). United States v. McCoy, 981 F.3d 271, 288 (4th Cir. 2020). That issue, however, is not before the Court.