IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:92-CR-00034-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALVIN B. TRUESDALE (1) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon defendant's pro se Motion to Dismiss Indictment under Rules 12(b) or 48(b) of the Federal Rules of Criminal Procedure, (Doc. No. 107), and Motion to Dismiss for Denial of Constitutional Rights of Due Process and Right to Speedy Trial, (Doc. No. 109).

The original Judgment in this case entered on January 23, 1993, records that the continuing criminal enterprise (CCE) offense in Count One concluded in February 1992. (Doc. No. 18-1 at 1). In the instant motions, the defendant asserts the government "certified" on August 9, 2010, apparently in the sentence computation process, that the offense in Count One ended on February 15, 1988. (Doc. No. 107 at 3, 7, 9; Doc. No. 109 at 2). He argues that new certification rendered the original indictment detailing February 1992 as the ending date fatally defective under Rule 12(b), the Fifth Amendment, and the Due Process Clause. (Doc. No. 107 at 4; Doc. No. 109 at 4). Additionally, he claims the Indictment should be dismissed under Rule 48(b), the Sixth Amendment, and the Speedy Trial Act for pre-indictment delay dating from February 1988 since he has been charged or tried for an offense with that ending date. (Doc. No. 107 at 4; Doc. No. 109 at 5-7).

Claims relating to defects in instituting the prosecution, including pre-indictment delay and violation of the constitutional right to speedy trial, and defects in the indictment, including failure to state an offense, must be brought prior to trial. Fed. R. Crim. P. 12(b)(3). The defendant explains that he could not file these objections prior to trial because the government's alleged "new theory" was not known to him at the time. (Doc. No. 107: Motion at 4). Even so, the defendant has not shown any legal authority to establish that calculations in the administrative process of computing his sentence are able to render the grand jury's indictment defective or alter the trial jury's verdict that the CCE offense ended in February 1992. Accordingly, the Court finds that none of the defendant's constitutional or procedural rights were violated in this case.

**IT IS, THEREFORE, ORDERED** that the defendant's motions, (Doc. Nos. 107, 109), are **DENIED**.

The Clerk is directed to certify copies of this order to the defendant and the United States Attorney.

Signed: February 3, 2021

Robert J. Conrad, Jr.
United States District Judge